**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1372-19

DARLINGTON HERITAGE
PROPERTIES, LLC,

    Plaintiff-Appellant,

v.

THOSE CERTAIN
UNDERWRITERS AT
LLOYD'S LONDON,

    Defendant-Respondent.

_____

Argued December 15, 2020 – Decided March 8, 2021

Before Judges Gilson, Moynihan, and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0185-19.

Anthony DiUlio argued the cause for appellant (Wheeler, DiUlio & Barnabei, P.C., attorneys; Anthony DiUlio, on the briefs).

Michael J. Jones argued the cause for respondent (Rivkin Radler, LLP, attorneys; Michael J. Jones, on the brief).

PER CURIAM

Plaintiff Darlington Heritage Properties, LLC appeals from an order granting summary judgment in favor of defendant Those Certain Underwriters at Lloyd's London and dismissing the complaint with prejudice. We reject plaintiff's attempt to assert in this appeal a different date of loss and a new argument not made to the trial court. We agree with Judge Donald J. Stein that the complaint was time-barred pursuant to a suit-limitation provision contained in the insurance policy at issue. Accordingly, we affirm.

Defendant issued to plaintiff a commercial property policy (the "policy"), which had a policy period of March 28, 2015, to March 28, 2016. The policy contained a two-year suit-limitation provision: "No one may bring a legal action against us under this Coverage Part [u]nless . . . [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred."

On January 15, 2019, plaintiff filed a complaint, alleging defendant had breached its contractual obligation under the policy by failing to pay plaintiff benefits on a claim for direct physical loss that plaintiff's property incurred on or about April 30, 2015. According to plaintiff, chemicals used by a tenant in its manufacturing process caused the damage. That tenant vacated the property

2

on April 30, 2015,[1] and the property remained vacant for three years. Plaintiff learned about the damage in or around March or April 2018 when a contractor plaintiff had hired to clean and repair the property removed ceiling tiles, revealing corrosion to the sprinkler system and damage to the ceiling beams. On or about April 5, 2018, plaintiff submitted a claim to defendant for that damage, asserting a date of loss of April 30, 2015. Defendant denied the claim in a September 7, 2018 letter. Plaintiff filed this lawsuit four months later.

Defendant moved for summary judgment, arguing that the policy's two-year suit-limitation provision barred plaintiff's 2019 complaint alleging property damage that occurred in 2015. In opposing the motion, plaintiff conceded that the "[p]olicy language unambiguously bars lawsuits commenced more than two (2) years after a loss" but argued that the discovery rule applied and that pursuant to the discovery rule plaintiff's claim was timely because it accrued on the date of discovery and not the date of loss. In reply, defendant argued that the discovery rule did not apply to contractual suit-limitation provisions.

After oral argument, the court asked for supplemental briefing on whether the discovery rule applied to the policy's suit-limitation provision. In an oral

---

[1] Plaintiff used the tenant's move-out date as the date of loss. During oral argument before the trial court, plaintiff's counsel conceded that plaintiff did not know the actual date of loss.

A-1372-19

opinion rendered after the court heard oral argument following the supplemental briefing, the court granted defendant's motion. The court found that the contractual suit-limitation provision applied, the discovery rule did not apply, and the date of loss clearly was outside the two-year limitation period.

In its initial appellate brief, plaintiff apparently abandons its discovery-rule argument. Instead, plaintiff contends for the first time that the "manifest trigger rule" applies and that as a result of the application of that rule, the date of loss is not April 30, 2015, which is the date of loss plaintiff asserted in its claim, its complaint, and in each of its briefs and arguments before the trial court, but is March or April 2018 when plaintiff discovered the damage.[2] In support of that argument, plaintiff relies on one case: Winding Hills Condominium Association, Inc. v. North American Specialty Insurance Co., 332 N.J. Super. 85 (App. Div. 2000). In response, defendant argues that plaintiff cannot raise a new argument on appeal and cannot assert a new date of loss and that even if plaintiff could, the manifest-trigger rule does not provide coverage under the policy because the newly-asserted date of loss, March or April of 2018,

---

[2] On the same page in its appellate brief, plaintiff asserts both that "[i]t is also undisputed that the damage occurred no later than April 30, 2015" and that "the date of loss is when [plaintiff] discovered the damage on or around March/April 2018."

4

falls outside of the policy period, which ended on March 28, 2016.  In its reply brief, plaintiff did not respond to the arguments defendant made in its brief but instead reverted to the discovery-rule argument it had made unsuccessfully to the trial court.

We review a trial court's grant of summary judgment "de novo under the same standard as the trial court."  Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016).  We apply the standards of Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 540 (1995), and Rule 4:46-2.  The question is whether the evidence, when viewed in a light most favorable to the non-moving party, raises genuinely disputed issues of fact sufficient to warrant resolution by the trier of fact, or whether the evidence is so one-sided that one party must prevail as a matter of law.  Brill, 142 N.J. at 540.

Plaintiff based its appeal on the manifest-trigger rule,[3] an argument it did not make to the trial court.  We "decline to consider questions or issues not properly presented to the trial court . . . unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public

---

[3] During oral argument before us, plaintiff's counsel stated that plaintiff no longer was basing its appeal on the manifest-trigger rule but was shifting back to its discovery-rule argument.  We address the manifest-trigger rule argument given that it was the only basis of appeal plaintiff raised in its initial appellate brief.

interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also Alloco v. Ocean Beach & Bay Club, 456 N.J. Super. 124, 145 (App. Div. 2018) (applying "well-settled" principle that appellate court will not consider an issue that was not raised before the trial court); State v. Robinson, 200 N.J. 1, 19 (2009) ("[t]he jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves").

The new argument plaintiff raised on appeal does not concern our jurisdiction or a matter of great public interest. Accordingly, we see no reason to consider plaintiff's new argument, especially when it is based on a completely different factual predicate on a critical issue: the date of loss. Since the inception of plaintiff's claim, plaintiff asserted that the date of loss was April 30, 2015. Defendant responded to plaintiff's claim, defended the litigation, and moved and argued for summary judgment based on plaintiff's assertion that April 30, 2015 was the date of loss. Changing the date of loss is not a modification of a minor detail. Plaintiff effectively presents a new claim and a new case. For us to consider on appeal a new argument that is premised on an alteration of a key factual assertion would be unfair and prejudicial to defendant.

A-1372-19

Even if we were to consider plaintiff's new argument, the manifest-trigger rule would be of no avail to plaintiff. As we held in <u>Winding Hills</u>, an insurer whose policy term expired prior to the date of loss under the manifest-trigger rule has no coverage obligation. 332 N.J. Super. at 93. According to plaintiff, the date of loss under the manifest-trigger rule was March or April 2018, two years after the policy period ended on March 28, 2016.

Even though plaintiff raised its discovery-rule argument in its reply brief and not in its initial appellate brief as a basis of its appeal, we address it because defendant raised it in its appellate brief and the trial court considered and rejected it in granting defendant's motion for summary judgment.

The parties do not dispute the meaning of the clear language of the policy's suit-limitation provision. <u>See</u> <u>Oxford Realty Grp. Cedar v. Travelers Excess & Surplus Lines Co.</u>, 229 N.J. 196, 207 (2017) (noting that we look to the plain meaning of the policy language); <u>Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am.</u>, 195 N.J. 231, 238 (2008) ("If the language is clear, that is the end of the inquiry."). The parties also recognize that contractual suit-limitation provisions are enforceable in New Jersey. <u>See</u> <u>Azze v. Hanover Ins. Co.</u>, 336 N.J. Super. 630, 636 (App. Div. 2001). As plaintiff conceded in its trial-court brief, the

"[p]olicy language unambiguously bars lawsuits commenced more than two (2) years after a loss."

Because plaintiff filed its lawsuit on January 15, 2019, more than two years after the April 30, 2015 date of loss plaintiff asserted in its claim and complaint, the suit-limitation provision bars plaintiff's lawsuit. To avoid that result, plaintiff argued to the trial court and argues to us in reply that the discovery rule should apply to plaintiff's claim "[a]s a matter of public policy." We see no public policy that would prompt us to upend well-settled contract law or expand dramatically our tort-based discovery rule.

The discovery rule "evolved mostly in construing the personal-injury statute of limitations." The Palisades At Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 448 (2017). The discovery rule, which may be used to set the accrual date of a tort, was adopted as a rule of equity to prevent a statute of limitation from running while an injured tort victim is reasonably unaware of his or her injury or that the injury was caused by the fault of another. See Martinez v. Cooper Hosp. Univ. Med. Ctr., 163 N.J. 45, 52 (2000); Baird v. Am. Med. Optics, 155 N.J. 54, 66 (1998). In the sixty years since the discovery rule was first announced in Fernandi v. Strully, 35 N.J. 434 (1961), we have applied the discovery rule in other tort-based lawsuits. The Palisades At Fort

A-1372-19

Lee Condo. Ass'n, Inc., 230 N.J. at 448; Lopez v. Swyer, 62 N.J. 267, 273 (1973).

Plaintiff asks us to make the leap from that sixty-year tort-based history of the discovery rule and apply the rule to a contract. But to apply the discovery rule to a contractual suit-limitation provision would be contrary to a cornerstone of contract law: courts don't re-write contracts. See Quinn v. Quinn, 225 N.J. 34, 45 (2016) ("[i]t is not the function of the court to rewrite or revise an agreement when the intent of the parties is clear"). That well-settled principle of contract law applies equally to insurance policies, which are contracts. See Walker Rogge, Inc. v. Chelsea Title & Guar. Co., 116 N.J. 517, 529 (1989) ("courts should not write for the insured a better policy of insurance than the one purchased"); Oxford Realty Grp. Cedar, 229 N.J. at 207 (same). Plaintiff purchased a policy covering one year: March 28, 2015, to March 28, 2016. Applying the discovery rule in this case would have the effect of tripling the policy period from one year to three years, changing the language of the suit-limitation provision, and extending the deadline set in that provision by more

than a year and a half, giving plaintiff a much better policy than the one it purchased.[4] That we cannot do.

And we see no reason to do it. A party to a contract is not in the same position as a tort victim. The victim of a tort may reasonably not know that the tort has occurred, that an injury has been inflicted, or what the cause of an injury is. A party to a contract knows from the express and unambiguous language of the contract into which it voluntarily entered what the policy period is and what the suit-limitation period is. Here, plaintiff, a commercial insured, knew when it purchased this policy that it was buying a policy with a one-year policy period and a suit-limitation period that ended two years after the date of loss.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] As plaintiff acknowledged in its reply brief, tolling the suit-limitation period while the insurer is reviewing an insured's claim – to prevent an insured from being "penalized for the time consumed by the [insurance] company while it" reviews the claim – is different than using the discovery rule to set the accrual date of a tort. Peloso v. Hartford Fire Ins. Co., 56 N.J. 514, 520 (1970); see also Azze, 336 N.J. Super. at 636-37.